UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PETITION OF STANLEY ) Misc. No. 10-547 (RCL)
KUTLER, et al. )

## MOTION TO FILE AMICUS LETTER

COMES NOW Geoffrey Shepard, who asks this honorable court to accept the attached letter into the record of the above entitled matter as an amicus filing.

Dated: August 23, 2011

Respectfully submitted,

Geoffrey Shepard (DC Bar No. 113126)
2 Old Mill Lane
Media, PA 19063
610-660-4408



RECEIVED
Mail Room

SEP - 8 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Geoffrey Shepard
2 Old Mill Lane
Media, PA 19063

August 22, 2011

Honorable Royce Lambert, Chief Judge
US District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

Dear Judge Lamberth:

## In Re Petition of Stanley Kutler, et al
## Misc. No. 10-547 (RCL)

This is written to respectfully request that you clarify your Memorandum Opinion & Order in the above cited case, 10-mc-547 [22], to specify that the materials to be released include not only all "Associated Materials of the Watergate Special Prosecution Force [WSPF]" as stated, but also any transcripts of WSPF interactions with Watergate Grand Jury III with regard to the testimony of Richard M. Nixon.

The grand jury appearance of former President Nixon was obtained by Watergate Grand Jury III on June 23-24, 1975—some ten months after his resignation. In the interim, he had been granted a full, unconditional pardon by President Ford, but his party had suffered devastating losses in mid-term Congressional elections and his closest aides—including John Ehrlichman, H.R.

Haldeman and John Mitchell—had been convicted and sentenced to long prison terms. He was physically too ill to travel east, understandably despondent, and must have wondered why the WSPF had decided to fly two members of Watergate Grand Jury III to San Clemente, along with eight WSPF attorneys, to take eleven hours of testimony—only a week before Grand Jury III was due to expire.

If former President Nixon's testimony is of sufficient historic interest to be unsealed for public research, than certainly the unprecedented circumstances surrounding the taking of that testimony are equally deserving of review: What would occasion this sort of inquiry a week before this particular grand jury was due to expire? Was the testimony taken at the insistence of the grand jury or was this a WSPF initiative? Did WSPF prosecutors suggest grand jurors might take some action, even at that late date? How and why were these two particular grand jurors chosen, by prosecutors or by the grand jury itself? Did grand jurors suggest to prosecutors that any particular questions be asked? Was there any interaction between WSPF attorneys and the two grand jurors, during their sitting in San Clemente, but outside of the former President Nixon's testimony itself? How did the other grand jurors respond to this initiative—both before and after the former President's testimony was taken? When the testimony was read to all

of Grand Jury III, the prosecutors suggest the testimony was credible or that further grand jury action should be considered in light of it?

It is not at all clear whether the list of WSPF documents specified at the conclusion of the Kutler petition (ie: Boxes 5-7 of WSPF files on Richard M. Nixon) contain all WSPF materials relevant to President Nixon's testimony. If other records do exist, they should certainly be included in this Court's order.

If the purpose of the grand jury—and rational for its considerable powers of investigation—is to ascertain whether a crime has been committed, then it is not a mere puppet of the prosecution—and Grand Jury III's interactions with WSPF prosecutors are of equal historical importance to President Nixon's testimony itself. Thus, any and all records of WSPF interaction with Grand Jury III before, during and after former President Nixon's testimony also should be released for review--at the same time as the other documentation specified in your July 29th Order.

Respectfully submitted,

Geoffrey Shepard

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PETITION OF STANLEY )
KUTLER, et al. ) Misc. No. 10-547 (RCL)

CERTIFICATE OF MAILING

COMES NOW Geoff Shepard, who declares that on this date he e-mailed copies of the attached filing in the above-referenced case to counsel of record, to wit:

Allison M. Zieve and Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
    Counsel for Petitioners

And

Elizabeth J. Shapiro
Civil Division, Federal Programs Branch, Room 7152
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20044
    Counsel for National Archives and Records Administration

Dated: August 23, 2011

Respectfully submitted,

Geoffrey Shepard (DC Bar No. 113126)
2 Old Mill Lane
Media, PA 19063
610-660-4408



RECEIVED
Mail Room
SEP - 8 2011
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia